# United States District Court
# Northern District of Indiana

| | |
|---|---|
| SHELTER INSURANCE COMPANIES, | |
| Plaintiff, | |
| v. | Civil Action No. 3:12-CV-433 JVB |
| BIG LOTS STORES INC., | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the motion of Defendant Big Lots Stores for summary judgment (DE 70). For the reasons set out below, the motion is GRANTED.

**A.     Background**

Plaintiff, Shelter Insurance Companies, is the subrogee of its insured, Donna Minniear. This action arises out of a fire at Minniear's residence. Shelter paid her $134,112.94 under its policy for damages to the house and personal property and for alternative living expenses and then sued Defendant Big Lots along with Sears, Roebuck and Company and Spectrum Brands under Indiana Code § 34-20-2-1, et sec., alleging that the fire was caused by a defective Kenmore coffee maker her husband bought at a Big Lots Store. The amended complaint alleges that Spectrum Brands was a manufacturer of the coffee maker and that Sears was both a manufacturer and seller as defined by Indiana statute. Plaintiff settled with these parties and they have been dismissed. Plaintiff asserts that Big Lots is liable for selling the coffee maker with a manufacturing defect and that it failed to provide adequate warnings or instructions on its use.

**B.     Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

**C.     Applicable Law**

Indiana Code § 34-20-2-1 outlines Indiana product liability law:

> Except as provided in section 3 of this chapter, a person who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer or to the user's or consumer's property is subject to liability for physical harm caused by that product to the user or consumer or to the user's or consumer's property if:
> (1) that user or consumer is in the class of persons that the seller should reasonably foresee as being subject to the harm caused by the defective condition;
> (2) the seller is engaged in the business of selling the product; and
> (3) the product is expected to and does reach the user or consumer without substantial alteration in the condition in which the product is sold by the person sought to be held liable under this article.

Indiana Code § 34-20-2-2 provides for strict liability for manufacturing defects but requires a showing of negligence with regard to design defects and allegations of failure to provide an adequate warning.

Under Indiana Code § 34-20-2-3, the circumstances under which a seller may be strictly liable for manufacturing defects is severely limited:

> A product liability action based on the doctrine of strict liability in tort may not be commenced or maintained against a seller of a product that is alleged to contain or possess a defective condition unreasonably dangerous to the user or consumer unless the seller is a manufacturer of the product or of the part of the product alleged to be defective.

However, under the circumstances outlined in Indiana Code § 34-20-2-4, a seller may be

2

deemed a manufacturer:

> If a court is unable to hold jurisdiction over a particular manufacturer of a product or part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered, for the purposes of this chapter, the manufacturer of the product.

In summary, a defendant who merely sold a product cannot be liable for manufacturing defects unless the court can't acquire jurisdiction over the manufacturer and the seller is the manufacturer's principal distributor or seller over whom the court can acquire jurisdiction.

**C.      Facts**

As it must, the Court construes all disputed facts in favor of Plaintiff. Plaintiff has produced some evidence from which a jury could find that Big Lots sold a Kenmore coffee maker to Minniear's husband, who gave it to her as a Christmas gift, with the owner's manual included, that the coffee maker was defectively manufactured, and that it started the fire in her home.

**D.      Discussion**

Plaintiff does not claim that Big Lots was the manufacturer of the allegedly defective coffee maker. Therefore, Plaintiff's claim against Big Lots for strict liability for a manufacturing defect can succeed only if it has designated evidence from which a jury could find that Big Lots was the principal distributor or seller of the defective coffee maker. *See* Ind. Code § 34-20-2-4. The only evidence in this regard is that Minniear's husband bought one Kenmore coffee maker from Big Lots. No reasonable jury could conclude from this that Big Lots is the manufacturer's principal distributor or seller. Accordingly, Big Lots is entitled to summary judgment on this

3

claim.

Plaintiff's claim that Big Lots failed to provide adequate warnings or instructions on the use of the coffee maker must also fail. Minniear testified that she received an owner's manual with the coffee maker, but the record does not disclose what warnings were included in the manual. Plaintiff argues from the fact that the wiring and plug blade from the coffee maker retrieved from the fire are different from an exemplar coffee maker and the fact that Big Lots sometimes buys distressed merchandise, that the coffee maker was a distressed or refurbished product that was not in the same condition as it had been when it left the manufacturer originally. According to Plaintiff, then, Big Lots had a duty to warn Minniear and her husband that the coffee maker was a distressed product that might be in a different condition than a Kenmore coffee maker sold by the manufacturer.

However, there is no evidence that Big Lots knew or should have known of any modification to the coffee maker or that any such modifications would require different warnings than those disclosed in the owner's manual. As the Indiana Supreme Court stated in *Ford Motor Company v. Rushford*, 868 N.E.2d 806, 811 (Ind. 2007):

> [I]n the absence of any evidence that the product has been modified in some fashion *and* that the seller knew or should have known of any such modification, its duty to warn was discharged where the seller provides the buyer with the manufacturer's warning of the danger at issue. In other words absent special circumstances, if the manufacturer provides adequate warnings of the danger of its product and the seller passes this warning along to the buyer or consumer, then the seller has no obligation to provide additional warnings. [Emphasis added.]

Here the only evidence is that the coffee maker involved in the fire was different than the exemplar. There is no evidence that Big Lots knew or should have known that these differences existed or that they presented any risks not covered by the owner's manual. Plaintiff has not

4

identified the dangers to which any warning should have been directed or offered any evidence that the warnings in the owner's manual were inadequate.  Accordingly, Big Lots is entitled to summary judgment on this issue as well.

**E.     Conclusion**

For the foregoing reasons, Defendant Big Lots's motion for summary judgment (DE 70) is **GRANTED**.

SO ORDERED on September 10, 2014.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division